The STATE of Ohio, Appellee,

v.

McSHAN, Appellant.

[Cite as *State v. McShan* (1991), 77 Ohio App.3d 781.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58952.

Decided Oct. 21, 1991.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Edward Kraus*, Assistant Prosecuting Attorney, for appellee.

*John B. Gibbons*, for appellant.

ANN McMANAMON, Presiding Judge.

Stanley McShan was convicted of one count of possession of cocaine (R.C. 2925.03) and one count of possession of criminal tools (R.C. 2923.24). In a timely appeal with one assignment of error, McShan asserts the trial court impermissibly denied his Crim.R. 29 motion on the criminal tools charge. Upon review of the record, we affirm.

Crim.R. 29 requires a trial judge to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. When reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that each element of the offense was proven

beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

R.C. 2923.24 proscribes the possession of criminal tools and provides, in relevant part:

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"(B) Each of the following constitutes prima-facie evidence of criminal purpose:

" * * *

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use."

The jury convicted McShan of possessing a pager and an automobile as criminal tools. On appeal, McShan argues the state presented no evidence he possessed the vehicle or used the pager criminally.

■ The record demonstrates that, on the evening of February 16, 1989, Cleveland Police Officers Gerald Crayton and Rodney McClendon observed a Cadillac automobile "double-parked" in the area of St. Clair Avenue and Glenside Road. Officer McClendon described this location as a high-crime area known for drug activity. The officers testified they observed a man leaning into the passenger-side window of the auto where McShan sat. McClendon told the jury that, as he and his partner approached the vehicle, the defendant "leaned forward" and "fumbled around" as if placing something under the seat. The officers ordered McShan, the driver, and the backseat passenger out of the automobile. McClendon averred he then observed two bags of cocaine on the floor of the car on the passenger side. The officers arrested the men and a search of McShan revealed four more bags of cocaine and a pager.

It is well established that possession of an object may be either actual or constructive. *State v. Haynes* (1971), 25 Ohio St.2d 264, 54 O.O.2d 379, 267 N.E.2d 787; *State v. Bey* (Feb. 7, 1991), Cuyahoga App. No. 57973, unreported, 1991 WL 12950. Constructive possession requires that the defendant be able to exercise dominion or control over the object. *State v. Wolery* (1976), 46 Ohio St.2d 316, 75 O.O.2d 366, 348 N.E.2d 351; *State v. Pruitt* (1984), 18 Ohio App.3d 50, 18 OBR 163, 480 N.E.2d 499. It is undisputed that McShan was seated in the front passenger side of the automobile and that the driver of the vehicle had title to the car. Nothing in the record demonstrates McShan had the ability to exercise dominion or control over the auto. Thus, the state's evidence is insufficient to support a conviction for possession of

criminal tools based upon the vehicle. See *State v. Thompson* (July 18, 1991), Cuyahoga App. Nos. 58803 and 58834, unreported, 1991 WL 144337.

■ The state, however, need only prove the illegal possession of one criminal tool to sustain a conviction for one count under R.C. 2923.24. *State v. Hills* (Nov. 15, 1984), Cuyahoga App. No. 48020, unreported, at 5, 1984 WL 3590. In this case, the record contains sufficient evidence for the jury to conclude that, under the circumstances, McShan possessed the pager with the intent to use it criminally. The officers initially observed the defendant conversing with another man who was leaning into the passenger-side window. The police officers arrested McShan with four bags of cocaine in his jacket and two bags of cocaine on the floor in front of the passenger seat. Defense counsel elicited testimony from the officers that drug dealers use pagers in their business. We note Officer McClendon stated, " * * * [W]hat does a 19–year–old unemployed black youth need with a pager?" We find this comment disturbing. Despite the nature of this remark, however, we are compelled to view the evidence concerning the pager in a light most favorable to the state. *Jackson, supra.* Under this standard, we find the evidence is sufficient to sustain a conviction for possession of the pager as a criminal tool. See *State v. Fisher* (Nov. 1, 1990), Cuyahoga App. Nos. 57505 and 57506, unreported, 1990 WL 166460 (pager found to be criminal tool); *State v. Brown* (June 18, 1987), Cuyahoga App. No. 52339, unreported, 1987 WL 13019 (affirming jury's finding that pager was a criminal tool).

Accordingly, the defendant's assignment of error is overruled and the conviction is affirmed.

*Judgment affirmed.*

HARSHA, J., concurs.

HARPER, J., dissents.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting by assignment.

HARPER, Judge, dissenting.

I respectfully dissent from the majority's resolution of appellant's assignment of error. I agree with the majority's determination that the state failed to show that the appellant possessed the vehicle for purposes of a conviction under R.C. 2923.24. However, I disagree with its conclusion that the state presented sufficient evidence to sustain his conviction for possession of criminal tools based upon the pager. I would have, therefore, sustained

appellant's assignment of error and reversed his conviction for possession of criminal tools.

In order for a defendant to be convicted of possession of criminal tools, the state must show that the defendant possessed or had under his control a substance, device, instrument, or article, *with purpose to use it criminally.* R.C. 2923.24(A). Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, *under circumstances indicating such item is intended for criminal use,* constitutes prima facie evidence of criminal purpose. R.C. 2923.24(B)(3). The statute does not merely require that it be shown that the particular item is commonly used for criminal purposes. It must also be shown that the circumstances indicate that the item is intended for criminal use.

In the within case, there was indeed testimony from the police officers that drug dealers use pagers in their business. This testimony, however, sheds no light on this particular appellant's reason for possession of the pager. It, therefore, in and of itself, does not establish that the appellant possessed the pager with *purpose to use it criminally.*

Moreover, the appellant's mere conversation with a man who was leaning into the passenger-side window likewise fails to establish that the appellant possessed the pager with *purpose to use it criminally.* There was no evidence that the appellant possessed the bags of cocaine for purpose of sale. There was no evidence that the appellant was transacting drug business with the man leaning into the window. There was also no testimony that the appellant used the pager to connect with a prospective buyer.

The record is devoid of sufficient evidence in support of the appellant's conviction for possession of criminal tools. The state failed to establish that the appellant's possession of the pager was under circumstances which indicated criminal use. There was, therefore, no prima facie evidence of criminal purpose.

I am well aware of this country's stand on the use and sale of drugs. I am also well aware of the executive, judicial, and legislative efforts, conceived and effected for the optimistic purpose of abating and managing the flood of drug activity. However, the frenzy which issues from the country's focus on the drug problem cannot be used to ignore the requirements of the law. The state is still required to prove all of the elements of an offense prior to the conviction of a defendant for that offense, no matter what the offense, as this is "A government of laws, and not of men." *Original Draft of Massachusetts Constitution* (1779).