JOURNAL ENTRY AND OPINION
Defendant-appellant Shirley Lanier ("appellant") appeals from her conviction for one count of drug possession in violation of R.C. 2925.11.
Appellant assigns the following error for review:
 THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT GUILTY OF POSSESSION OF COCAINE WHERE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT SUCH A VERDICT.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On May 26, 1997, Cleveland Police Officers Peg Sudy and Thomas Johnson received a radio assignment regarding drug activity in the vicinity of East 102nd Street and Parkview in Cleveland. The radio broadcast reported that three vehicles, two white and one blue, were selling and using narcotics at that location. The officers arrived on the scene approximately five minutes after receiving the radio assignment. A blue/purplish car was parked on East 102nd Street, parked facing toward Parkview. Three individuals were seated in the automobile. Appellant was in the rear passenger seat. No furtive movements were made by appellant. A license plate check revealed that the car was reported as stolen. After calling for a back-up unit, the officers approached the vehicle and began removing the occupants. As appellant exited the vehicle, Officer Sudy noticed a glass tube with char markings on either side of it on the seat where appellant had been seated. Officer Sudy recognized the tube as being a crack cocaine pipe. Appellant had been sitting directly on top of the crack cocaine pipe. The crack pipe later tested positive for cocaine residue. The pipe was not hot to the touch. Neither officer recalled if any matches, lighters, or cash were found on appellant's person at the time of her arrest.
Appellant denied ownership of the crack pipe. Appellant averred she entered the automobile with a neighbor. Appellant did not know the driver, who was a friend of her neighbor. Appellant intended to go to the grocery store and purchase barbecue sauce for her mother. Appellant did not have any money but expected her mother to provide some money before the trip to the store. Appellant had been in the front passenger seat but she left the car to retrieve her jacket. When appellant returned to the vehicle, her friend was in the front passenger seat so appellant entered the back seat. Appellant stated she and the two others were talking in the car for about five minutes when the police arrived. Appellant averred she never saw or felt the crack pipe.
Appellant was indicted for one count of drug possession. She waived her right to a jury trial on the charge. The trial court found appellant guilty of drug possession. The trial court sentenced appellant to a six-month sentence for the offense. The trial court ordered her to serve this sentence concurrently with another six-month sentence appellant received for a drug trafficking offense.
 II.
In her sole assignment of error, appellant contends there was insufficient evidence to convict her for possession of cocaine. Appellant argues the prosecution failed to meet its burden of proving appellant knowingly possessed cocaine. Appellant points out that no fingerprints were taken from the crack cocaine pipe and neither police officer testified appellant had the pipe in her physical possession. Appellant states that the evidence shows she merely accepted a ride to the store. She did not know the driver or that the crack pipe was in the vehicle. Appellant maintains she did not possess the crack cocaine pipe but that the pipe just happened to be in the stolen automobile in which she innocently accepted a ride.
Sufficiency is a legal standard which is applied to determine whether the evidence admitted at trial is legally sufficient to support the verdict as a matter of law. State v. Thompkins
(1997), 78 Ohio St.3d 380.
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus. In essence, sufficiency is a test of adequacy. Whether the evidence presented in a case is legally sufficient to sustain a verdict is a question of law and a conviction based upon legally insufficient evidence constitutes a denial of due process. Thompkins, supra.
R.C. 2925.11(A) provides: "No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.01(K) defines possession as follows:
 "Possess" or "possession" means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
Possession may be actual or constructive. State v. McShan (1991),77 Ohio App.3d 781. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. State v. Wolery (1976),46 Ohio St.2d 316, 332. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may constitute constructive possession. State v. Barr
(1993), 86 Ohio App.3d 227, 235; State v. Burston (May 5, 1994), Cuyahoga App. No. 65128, unreported.
Appellant could not have been in closer proximity to the crack cocaine pipe than she was, seated directly on top of the pipe. Appellant obviously could exercise dominion and control over the crack cocaine pipe. Although she was sitting on the glass tube for at least five minutes, appellant averred she never noticed the crack cocaine pipe in the vehicle. The cool temperature of the pipe indicated the crack cocaine pipe was not used right before its discovery by the police. However, this does not mean the crack cocaine pipe was not in appellant's possession but only that she may have used the device on prior occasions or earlier that day. The defense stipulated that cocaine was discovered on the crack cocaine pipe.
There was sufficient evidence admitted at trial showing that appellant was in possession of the crack cocaine pipe upon which cocaine was discovered. The state presented adequate evidence on each element of the offense supporting appellant's conviction.
Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and JAMES D. SWEENEY, J. CONCUR.
 ___________________________________ LEO M. SPELLACY PRESIDING JUDGE