Defendant Donta M. Reid has appealed a judgment from the Summit County Common Pleas Court that convicted him of possessing cocaine and preparing marijuana for sale. This Court affirms.
 I.
During October 1999, Defendant temporarily resided at 1160 Keys Place, Akron, Ohio with David Harris. David and his wife, Erica, are the tenants of the apartment. On October 31, 1999, Detective Michael Zimcosky and Officer Keith Meadows went to 1160 Keys Place to search for Erica, who had several outstanding warrants for her arrest. As they knocked on the door, they heard shuffling inside the apartment. David answered the door and allowed the officers to enter his apartment. While searching for Erica, Detective Zimcosky noticed a weighing scale with a small amount of marijuana in it on the kitchen table. A large jacket was lying across the rest of the kitchen table. Underneath the jacket were thirty-seven packages of marijuana and approximately four hundred empty plastic baggies. Both Defendant and David were immediately placed under arrest. David gave the officers permission to search the remaining rooms. During the search, the officers discovered a baggy of cocaine in the bathroom.
On November 4, 1999, Defendant and David were indicted on two counts of possession of cocaine and one count of preparation of marijuana for sale. Defendant entered a plea of not guilty and moved the trial court to suppress the evidence obtained during the search leading to his arrest. The trial court denied his motion on January 14, 2000. The case went to trial on March 13, 2000. The jury returned a verdict of guilty on one count of possession of cocaine and one count of preparation of marijuana for sale.[1] The trial court sentenced Defendant to a term of one year in prison for each count. Defendant timely appealed, asserting four assignments of error. For ease of discussion, his second and third assignments of error have been consolidated.
 II. A. Assignment of Error Number One
 The trial court erred in denying [Defendant's] motion to suppress illegally obtained evidence.
In his first assignment of error, Defendant has argued that the trial court erred in denying his motion to suppress the marijuana and cocaine seized in this case. First, Defendant has asserted that because the jacket was concealing the marijuana, the officers should have asked who owned it. Second, Defendant has argued that the cocaine was inadmissible because the discovery of the marijuana prompted a drug search of the entire premises. This Court disagrees.
The Ohio Supreme Court has held that a warrantless search "may be conducted when the owner of the property or a person with common authority over the property voluntarily consents to a search." State v.Reynolds (1998), 80 Ohio St.3d 670, 674. Additionally, evidence may be seized during a warrantless search if it was in plain sight. See Statev. Sage (1987), 31 Ohio St.3d 173, 185. For a warrantless "plain view" seizure to be lawful, "it must be shown that (1) the initial intrusion which afforded the authorities the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent" to the seizing authorities. Id.
In the instant case, Detective Michael Zimcosky was the only witness to testify at the suppression hearing. Detective Zimcosky stated that he went to the residence to search for Erica who had several outstanding warrants. David allowed him to search the apartment for Erica. When Detective Zimcosky was returning to the living room area, he noticed a large jacket covering most of the kitchen table. Next to the jacket, uncovered, was a scale with a small amount of marijuana on top of it. Based on his experience and training, Detective Zimcosky recognized the scale as one typically used for weighing narcotics. He then asked and received permission from David to search the rest of the apartment for narcotics. In light of the foregoing, this Court concludes that the trial court did not error when it denied Defendant's motion to suppress the evidence. The testimony at the suppression hearing established that the officers were at the residence for a lawful purpose, the evidence of the marijuana in the scale was in plain sight, and the tenant had consented to the search. Accordingly, Defendant's first assignment of error is overruled.
 B. Assignment of Error Number Two
 The conviction for possession of cocaine was based on insufficient evidence as a matter of law.
 Assignment of Error Number Three
 [Defendant's] conviction for possession of cocaine was against the manifest weight of the evidence.
In his second and third assignments of error, Defendant has asserted that his conviction for possession of cocaine was not supported by the evidence presented at trial and that the verdict was against the manifest weight of the evidence.[2] This Court disagrees.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
As an initial matter, evaluations of the sufficiency of the evidence put forth by the State and the weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386
("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion.Id. at 390 (Cook, J. concurring). In determining whether the State has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the State. Gulley, supra, at 3. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id.
R.C. 2925.11(A) states that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Further, R.C. 2925.01(K) defines possession as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." A person may knowingly possess a substance through actual or constructive possession. See State v. McShan (1991), 77 Ohio App.3d 781,783.
A person has constructive possession of a substance when he is able to exercise dominion or control over it. Id., citing State v. Wolery
(1976), 46 Ohio St.2d 316, 329. This Court has previously held that:
 [c]ircumstantial evidence that the defendant was located very close to readily usable drugs may support a conclusion that the defendant had constructive possession. Ownership of the controlled substance need not be established, and possession may be individual or joint.
(Citations omitted). State v. Grundy (Dec. 9, 1998), Summit App. No. 19016, unreported, at 22.
In the case at bar, David testified that he allowed Defendant to stay at his apartment. He stated that Defendant was in the bathroom taking a shower before the police knocked on the front door. David also testified that Defendant was wet and half-dressed when the officers entered the apartment. A photograph taken by Officer Meadows of Defendant without his shirt further suggested that Defendant was in the bathroom where the cocaine was discovered. Based on the foregoing, the jury did not lose its way in determining that Defendant knowingly possessed the cocaine. Defendant's assertion that the State failed to present sufficient evidence to support his conviction, therefore, is also without merit.State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported at 4. Accordingly, Defendant's second and third assignments of error are overruled.
 C. Assignment of Error Number Four
 The trial court erred in sentencing [Defendant] to the maximum sentence for preparation of marijuana for sale, and to ordering that [Defendant's] sentences were to run consecutively, without making the findings on the record required by R.C. 2929.14.
In his fourth assignment of error, Defendant has argued that the trial court failed to make the necessary findings to support his sentence. Initially, this Court notes that Defendant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters, which are necessary to support his assignments of error. See Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
In the instant case, Defendant has not provided this Court with the transcript of the sentencing proceeding. Consequently, this Court must presume regularity in the trial court's sentencing process and overrule his forth assignment of error.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., SLABY, J., CONCUR.
[1] Defendant was acquitted on the remaining count of possession of cocaine.
[2] This Court will not address Defendant's conviction for preparation of marijuana because he has not raised it on appeal.