JOURNAL ENTRY AND OPINION
Jesus R. Ramirez appeals from a Common Pleas Court judgment entered pursuant to a jury verdict finding him guilty of possession of marijuana violating R.C. 2925.11 and preparation of drugs for sale in violation of R.C. 2925.07. Mr. Ramirez complains on appeal that the convictions are not supported by sufficient evidence, and that the court erred when it denied his request for a mistrial. After a review of the facts and the law, we affirm the decision of the trial court.
The facts of the case reveal on February 11, 2000, the Drug Enforcement Agency received information that couriers were moving drugs from the west to the east coast via Cleveland. Task Force Officers James Gilchrist and Carlos Negron were at Cleveland International Airport to intercept this shipment and were looking for Hispanic suspects.
On March 16, 2000, a Grand Jury indicted Mr. Ramirez on one count of possession of marijuana in an amount greater than 20,000 grams in violation of R.C. 2925.11 and preparation of drugs for sale in violation of R.C. 2925.07. The case proceeded to trial, and Deputies Gilchrist and Negron testified for the State.
Deputy Gilchrist has been with the DEA Task Force for four and one-half years and has received training in airline ticketing and baggage handling for the purpose of stopping the flow of narcotics through Cleveland. On February 11, 2000, Continental Flight 258 arrived, and Deputies Gilchrist and Negron approached Mr. Ramirez on the concourse at gate C-22. Mr. Ramirez said he was traveling from Los Angeles to Boston because his daughter was ill. Further, he denied checking any baggage and claimed only to have a carry-on bag. Meanwhile, a K-9 inspected ten pieces of luggage that were removed from the plane to be transported to the connecting flight to Boston. The dogs indicated drugs in two bags that bore Mr. Ramirez's name. The numbers on the baggage matched the numbers on his baggage claim.
Further, Deputy Gilchrist testified as to the procedure to checking baggage. The passenger must present a photo identification, and then the employee will take the bags, give the passenger a boarding pass with the identification numbers for the bags. This information goes into the airline's flight manifest record which becomes a final record only when the passenger surrenders the boarding pass at the gate and boards the plane.
Next, the State called Deputy Carlos Negron who stated he questioned Mr. Ramirez in Spanish. Deputy Negron conducted a consensual search of Mr. Ramirez's person and his carry-on bag, which did not reveal any narcotics. Further, Deputy Negron offered his opinion that a person transporting thirty-three kilos of marijuana intended to sell it and not use it for personal use. Thereafter, the State rested; Mr. Ramirez put on his case and, lastly, the State called Deputy Gilchrist on rebuttal. Deputy Gilchrist stated, without offering any supporting evidence, that Pan-America Travel Services in California, where Mr. Ramirez obtained his ticket, was under investigation for its involvement in the trafficking of narcotics throughout the country. Thereafter Mr. Ramirez asked the court to declare a mistrial. The trial court denied the request and gave a curative instruction. After deliberation, the jury found Mr. Ramirez guilty of both counts, and the court sentenced him to eight years imprisonment. Mr. Ramirez appeals from that decision and raises two assignments of error for our review. The first states:
 I. APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND THEREFORE VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO.
Mr. Ramirez argues the sufficiency of the evidence as it relates to his convictions for possession of and preparation for the sale of marijuana. The State contends it produced sufficient evidence to convince a jury beyond a reasonable doubt. The issues here concern the sufficiency of the evidence as it relates to the indictments.
We begin by noting that State v. Martin (1983), 20 Ohio App.3d 172,175, provides the test for the sufficiency of evidence as follows:
 As to the claim of insufficient evidence, the test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. Jackson v. Virginia, 443 U.S. 307, 319. (Citations omitted.)
Further, in State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus, the court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, * * *, followed.)
With these standards in mind, we examine the State's burden to prove Mr. Ramirez possessed marijuana in an amount greater than 20,000 grams in violation of R.C. 2925.11(A), which states: [n]o person shall knowingly obtain, possess, or use a controlled substance. Further, R.C. 2901.22(B) states in pertinent part:
 A person acts knowingly * * * when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
R.C. 2925.01(K) defines possession as follows:
 Possess or possession means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
Possession may be actual or constructive. State v. McShan (1991),77 Ohio App.3d 781. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. State v. Wolery (1976), 46 Ohio St.2d 316, 332.
In the instant case, Deputy Gilchrist testified concerning the luggage that bore Mr. Ramirez's name and the identifying sequentially-numbered tags. These tags with their identifying numbers and the boarding pass found in Mr. Ramirez's possession when he was arrested were generated when Mr. Ramirez presented his ticket. The numbers found on the luggage tags are also found on the boarding pass. One cannot check luggage at the gate, which indicates that the appellant presented his luggage either at the counter or with a sky cap. In either case, it would have been necessary for Mr. Ramirez, the only person with that name on the flight, to present photo identification before checking his bags.
From the evidence presented by Deputy Gilchrist's testimony, we conclude, after viewing this evidence in a light most favorable to the prosecution, that a rational trier of fact could have found Mr. Ramirez possessed marijuana beyond a reasonable doubt.
We turn to Mr. Ramirez's conviction for preparation of drugs for sale and note R.C. 2925.07 states:
 No person shall knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the person knows or has reasonable cause to believe that another person intends to sell or resell the controlled substance.
In this case, the testimony reveals that the luggage contained marijuana, and Deputy Negron testified to his opinion that the quantity of marijuana found in Mr. Ramirez's luggage is not intended for personal use, but for sale. From the evidence presented and after viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Mr. Ramirez intended to sell marijuana. Accordingly, we overrule the first assignment of error.
Mr. Ramirez's second assignment of error states:
 II. THE TRIAL COURT ERRED IN FAILING TO GRANT A MISTRIAL WHEN THE STATE'S REBUTTAL WITNESS MADE IMPROPER AND INFLAMMATORY TESTIMONY TO THE JURY.
Mr. Ramirez argues the he was denied a fair trial as a result of Deputy Gilchrist's testimony concerning Pan-American Travel Services in California. The State counters the testimony did not rise to the level of a mistrial, and the court gave a curative instruction. Thus, the issue here concerns whether the court should have granted a mistrial.
We begin by noting the court in State v. Nichols (1993), Ohio App.3d 65 stated:
 * * * Initially, we note that the granting or denying of a motion for mistrial rests within the sound discretion of the trial court. * * * A mistrial should not be ordered in a criminal case merely because some error or irregularity has intervened, unless the substantial rights of the accused are adversely affected and this determination is, again, in the discretion of the trial court. * * *. In order to demonstrate an abuse of discretion on these matters, a criminal appellant must be able to show that the trial court's decision was arbitrary, unreasonable or unconscionable. * * * (Citations omitted.)
Further, the court in State v. Franklin (1991), 62 Ohio St.3d 118
stated:
 Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible. * * *
In this case, the record reveals that the court provided a curative instruction concerning Deputy Gilchrist's comments about Pan-American Travel Services, thereby reducing any prejudice caused by Deputy Gilchrist's testimony. Thus, Mr. Ramirez's claim that a mistrial should have been declared lacks merit. Accordingly, this assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and TERRENCE O'DONNELL, J., CONCUR.