JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant Kevin Pettit ("Defendant") appeals from the judgment of the trial court denying his motion to suppress evidence and convicting him of drug trafficking and possession of criminal tools. For the reasons set forth below, we affirm.
 {¶ 2} The record reveals the following facts. Officer Jason West of the Cleveland Heights Police Department was on duty on January 17, 2003 when he stopped the Defendant for a speeding violation. In the process of preparing a citation, Officer West ran the Defendant's social security number through his zone car computer. Officer West testified that the computer informed him that the Defendant had an outstanding felony warrant for his arrest. The Officer confirmed with dispatch the outstanding warrant and arrested the Defendant.
 {¶ 3} After the arrest, Officer West decided to tow the Defendant's automobile. While waiting for the tow truck, a second officer, Officer Boeder, arrived at the scene. Officer West, seeking to conduct an inventory of the contents of the automobile prior to it being towed, began searching the passenger compartment of the Defendant's automobile. In the center console, Officer West discovered a leather bag that contained 34 baggies of individually wrapped marijuana. Next to the leather bag was a notebook that contained miscellaneous names and dollar amounts. Additionally, the officer retrieved two cellular telephones, one which rang continuously throughout the search. The automobile was then towed and the Defendant was transported to the police station.
 {¶ 4} The Cuyahoga County Grand Jury charged Defendant, in a two count indictment, with one count of drug trafficking in violation of R.C. 2925.03
and one count of possessing criminal tools in violation of R.C. 2923.24.
 {¶ 5} Prior to the trial of this matter, Defendant filed a motion to suppress the evidence retrieved from his automobile, as well as evidence discovered at his residence. The trial court held a hearing regarding the motion on January 14, 2004. After hearing the relevant evidence and testimony, the court denied Defendant's motion to suppress the items found in the Defendant's automobile and granted Defendant's motion as to the items discovered in the Defendant's residence.
 {¶ 6} On January 15, 2004, the case proceeded to a bench trial as the Defendant voluntarily waived his right to a jury trial. After hearing all the evidence and testimony in the case, the trial court convicted the Defendant of one count of drug trafficking and one count of possessing criminal tools. The court sentenced the Defendant to one year of community control sanctions for each count.
 {¶ 7} Defendant now appeals and asserts two assignments of error for our review.
 {¶ 8} The first assignment of error states:
 {¶ 9} "Kevin Pettit was denied his constitutional right to be free from unreasonable searches and seizures, when the trial court denied his motion to suppress the evidence seized from his automobile."
 {¶ 10} Defendant maintains the trial court erred by not suppressing the marijuana, cellular telephone and notebook found after Officer West allegedly conducted an unlawful search of the Defendant's automobile. We disagree.
 {¶ 11} Appellate review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. See State v. McNamara
(1997), 124 Ohio App.3d 706, 710, 707 N.E.2d 539. An appellate court is to accept a trial court's factual findings unless they are "clearly erroneous." State v. Long (1998), 127 Ohio App.3d 328, 332,713 N.E.2d 1. Therefore, we are required to accept the factual determinations of a trial court if they are supported by competent and credible evidence. State v. Harris (1994), 98 Ohio App.3d 543, 546,649 N.E.2d 7. The application of the law to those facts, however, is then subject to de novo review. Id.
 {¶ 12} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v. United States (1967),389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. An exception applies and a warrantless search is permissible when a police officer has made a lawful custodial arrest of the occupant of an automobile, and as a contemporaneous incident of that arrest, searches the passenger compartment of the automobile. State v. Murrell, 94 Ohio St.3d 489,2002-Ohio-1483, 764 N.E.2d 986, syllabus; see, also, State v. Pope,
Cuyahoga App. No. 81321, 2003-Ohio-3647; State v. Huff, Cuyahoga App. No. 80199, 2002-Ohio-5463; State v. Robinson, Cuyahoga App. No. 79766, 2002-Ohio-2144.
 {¶ 13} In the instant matter, Defendant was lawfully stopped for a speeding violation. While Officer West prepared the Defendant's speeding citation, the officer ran the Defendant's social security number and learned that the Defendant had an outstanding felony arrest warrant, which the officer confirmed with dispatch before arresting the Defendant. Thus, Officer West made a lawful custodial arrest.
 {¶ 14} Because Officer West made a lawful custodial arrest of the Defendant, he was permitted, under Murrell, to search the passenger compartment of the automobile incident to the arrest. While conducting a search of the Defendant's automobile, the officer found, in the center console, 34 baggies of individually wrapped marijuana, a notebook containing miscellaneous names and dollar amounts and a second cellular telephone that continuously rang during the search. Accordingly, as Officer West conducted a legal search of the Defendant's automobile, the court properly denied Defendant's motion to suppress these items found in the Defendant's automobile. Therefore, the first assignment of error is without merit.
 {¶ 15} Defendant's second assignment of error states:
 {¶ 16} "Kevin Pettit was denied his liberty without due process of law by his convictions for drug trafficking and possessing criminal tools, as neither were supported by sufficient evidence to prove his guilt beyond a reasonable doubt."
 {¶ 17} Within this assignment of error, Defendant challenges the sufficiency of the evidence supporting his convictions. The Defendant contends that no evidence exists that proves the marijuana in his automobile was used for drug trafficking and no evidence exists to prove that the cellular telephone and the notebook were criminal tools.
 {¶ 18} When reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus, citing Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Thus, a reviewing court will not overturn a conviction for insufficiency of "the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact." State v. Treesh, 90 Ohio St.3d 460, 484, 2001-Ohio-4,739 N.E.2d 749.
 {¶ 19} The Defendant was charged and convicted of trafficking in drugs. R.C. 2925.03 defines drug trafficking as follows:
 {¶ 20} "(A) No person shall knowingly do any of the following:
 {¶ 21} "(1) Sell or offer to sell a controlled substance;
 {¶ 22} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.
 {¶ 23} "(B) This section does not apply to any of the following:
 {¶ 24} "(1) Manufacturers, licensed health professionals authorized to prescribe drugs, pharmacists, owners of pharmacies, and other persons whose conduct is in accordance with Chapters 3719., 4715., 4723., 4729.,4731., and 4741. of the Revised Code;
 {¶ 25} "(2) If the offense involves an anabolic steroid, any person who is conducting or participating in a research project involving the use of an anabolic steroid if the project has been approved by the United States food and drug administration;
 {¶ 26} "(3) Any person who sells, offers for sale, prescribes, dispenses, or administers for livestock or other nonhuman species an anabolic steroid that is expressly intended for administration through implants to livestock or other nonhuman species and approved for that purpose under the "Federal Food, Drug, and Cosmetic Act," 52 Stat. 1040
(1938), 21 U.S.C.A. 301, as amended, and is sold, offered for sale, prescribed, dispensed, or administered for that purpose in accordance with that act. * * *."
 {¶ 27} The record demonstrates that a search of the Defendant's automobile revealed 34 individually wrapped baggies of marijuana located in a leather bag that was placed in the center console of the Defendant's automobile. Officer West testified that marijuana packaged in this style indicates that the substance is prepared for sale. He further testified that each bag of marijuana could have been sold for five, ten or twenty dollars. Also found in the center console of the automobile was a list of miscellaneous names and dollar amounts. Moreover, located in the automobile was a second cellular telephone belonging to the Defendant that rang continuously during Officer's West search of the automobile. While this evidence may be circumstantial, circumstantial evidence is sufficient to prove the elements of a criminal case. State v. Jenkins
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. Thus, viewing the evidence in a light most favorable to the state, the trial court reasonably inferred from the circumstances and the evidence that Defendant was trafficking in drugs.
 {¶ 28} The Defendant maintains that his direct testimony disproved all of the state's evidence supporting a conviction for drug trafficking. However, the credibility of a witness and the weight attributable to their testimony are primarily matters for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, 39 Ohio Op.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. We find that reasonable minds could have reached the same conclusion as the trial court. Accordingly, sufficient evidence existed to support Defendant's conviction for drug trafficking.
 {¶ 29} The Defendant was also charged and convicted of possession of criminal tools. Possession of criminal tools is defined in R.C. 2923.24
as follows:
 {¶ 30} "(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.
 {¶ 31} "(B) Each of the following constitutes prima-facie evidence of criminal purpose:
 {¶ 32} "(1) Possession or control of any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating the dangerous ordnance, materials, or parts are intended for legitimate use;
 {¶ 33} "(2) Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;
 {¶ 34} "(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use.
 {¶ 35} "(C) Whoever violates this section is guilty of possessing criminal tools. Except as otherwise provided in this division, possessing criminal tools is a misdemeanor of the first degree. If the circumstances indicate that the substance, device, instrument, or article involved in the offense was intended for use in the commission of a felony, possessing criminal tools is a felony of the fifth degree."
 {¶ 36} The state "need only prove the illegal possession of one criminal tool to sustain a conviction for one count under R.C. 2923.24."State v. McShan (1991), 77 Ohio App.3d 781, 784, 603 N.E.2d 1076, citing State v. Hill (Nov. 15, 1984), Cuyahoga App. No. 48020. InMcShan, this court found possession of a pager as sufficient evidence for a trier of fact to conclude that a defendant intended to use the pager in a criminal matter. McShan, supra at 784. We reasoned that the officers found a number of bags of drugs upon the defendant's person and in the front of the passenger seat. Id. Additionally, the officers testified that drug dealers routinely used pagers in their business. Id. Therefore, we found, when viewing the evidence in a light most favorable to the state, the evidence was sufficient for a conviction for possession of the pager as a criminal tool. Id.
 {¶ 37} As in McShan, in this case, we too are compelled to view the evidence of the cellular telephone found in the Defendant's automobile in a light most favorable to the state. Officer West arrested the Defendant and found 34 baggies of marijuana in his automobile. Also in the automobile, the Defendant had a second cellular telephone that continuously rang throughout the search. At the trial, Officer West testified that cellular telephones are commonly used by drug dealers. Considering this information, we find evidence of the cellular telephone sufficient to sustain a conviction for possession of a criminal tool.
 {¶ 38} Therefore, because we find the evidence sufficient to convict Defendant of both the drug trafficking offense and the possession of criminal tools offense, we find that Defendant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, JR., J. Concurs.
 McMonagle, J., Concurs in Judgment only (See Attached ConcurringOpinion)
 CONCURRING OPINION