DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant/Appellant, Vincent Mastice, appeals his conviction for fleeing and eluding after a bench trial in the Wayne County Municipal Court. We affirm.
 {¶ 2} On September 3, 2005, Defendant Mastice was cited by an officer of the Wooster Police Department for improper passing on the right, in violation of R.C. 4511.28(B), a third/fourth degree misdemeanor and for fleeing and eluding, in violation of R.C. 2921.331(B), a first degree misdemeanor. Between citation and trial, Defendant moved for several continuances, failed to appear for several *Page 3 
hearings, and filed a motion to dismiss for violation of his right to a speedy trial, which motion was denied by the trial court on May 11, 2006. On June 6, 2006, Defendant was tried to the bench and convicted of fleeing and eluding. The trial judge acquitted Defendant of improper passing on the right.
 {¶ 3} Defendant timely appealed his conviction and the trial court's denial of his motion to dismiss for violation of his right to a speedy trial, raising two assignments of error.
 Assignment of Error "Trial court erred by proceeding with bench trial and denied [Defendant's] motion to dismiss based upon Right to Speedy Trial."
 Assignment of Error "The evidence was insufficient as a matter of law to support a guilty finding of failure to comply with order or signal of a police officer."
 {¶ 4} Defendant asserts that the trial court erred in failing to dismiss the charges against him because the State violated his right to a speedy trial. Defendant further asserts that the evidence presented at trial was not sufficient to convict him for fleeing and eluding, presumably because the initial traffic stop was not supported by probable cause. Defendant's support for this argument is the fact that he was acquitted of the traffic violation for which he was stopped. Defendant, however, did not cite any rule or case law or make any argument in support of his assignments of error. *Page 4 
 {¶ 5} With regard to his speedy trial rights, Defendant provides this court with no law or argument to establish when he was required to be tried and does not argue or establish that he was tried outside of the time requirements. Instead, Defendant simply quotes the trial judge's statement at trial that the parties "have come up with different numbers." We note that even were this enough to support Defendant's assignment of error, Defendant fails to completely quote the trial judge, who stated, "Okay. I went through and did it, the same thing you've done, have come up with different numbers, * * * and even if we take the 90th day we are still okay." Thus, the trial court found that Defendant was brought to trial within the 90 day requirement, and Defendant has failed to argue that its conclusions were in error.
 {¶ 6} With regard to his sufficiency claim, Defendant states in a two-sentence paragraph that he did stop his vehicle when pulled over by police and that he was not in violation of any traffic ordinance, therefore defeating the officer's probable cause to stop him. Presumably, Defendant is arguing that because the initial traffic stop was improper, he cannot be convicted of fleeing and eluding; however, even were it clear that this was the argument that Defendant was trying to make, he cites no authority for it.
 {¶ 7} An appellant has the burden of demonstrating error on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations *Page 5 
to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See also, App.R. 16(A)(7); Loc.R. 7(A)(7). Pursuant to App.R. 16(A), an appellant's brief shall include all of the following:
 "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 "* * *
 "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
See, also, Loc.R. 7(A)(7). In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 7(A)(7) provides that "[e]ach assignment of error shall be separately discussed and shall include the standard of review applicable to that assignment of error."
 {¶ 8} "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal."Kremer v. Cox (1996), 114 Ohio App.3d 41, 60. Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists. Cardone v. Cardone *Page 6 
(May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 12. As we have previously held, we will not guess at undeveloped claims on appeal. SeeMcPherson v. Goodyear Tire Rubber Co., 9th Dist. No. 21499,2003-Ohio-7190, at ¶ 31, citing Elyria Joint Venture v. Boardwalk Fries,Inc. (Jan. 31, 2001), 9th Dist. No. 99CA007336. Further, this Court may disregard arguments if an appellant fails to identify the relevant portions of the record from which the errors are based. See App.R. 12(A)(2); Loc.R. 7(F).
 {¶ 9} In the instant matter, although Defendant has assigned error, he has failed to make the necessary identifications and arguments regarding the alleged errors of the trial court. Defendant has failed to argue or support his position that the trial court's decision that his speedy trial rights were not violated was erroneous and has failed to establish or support any argument that the trial court erred in finding him guilty of fleeing and eluding despite acquitting him of the traffic charge that precipitated his flight.
 {¶ 10} Accordingly, because Defendant has not met his burden on appeal, both of Defendant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 MOORE, J. DICKINSON, J. CONCUR *Page 1