[Cite as *State v. Martinez-Castro*, 2019-Ohio-1155.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

RUBEN MARTINEZ-CASTRO

    Appellant

C.A. No.    18CA011361

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    15CR090936

DECISION AND JOURNAL ENTRY

Dated: March 29, 2019

CALLAHAN, Judge.

{¶1} Appellant, Ruben Martinez-Castro, appeals his convictions by the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On December 9, 2014, a Lorain police officer initiated a traffic stop of a vehicle driven by Mr. Martinez-Castro. After the officer noted the odor of burnt marijuana in the vehicle and determined that Mr. Martinez-Castro was driving with a suspended license, he placed Mr. Martinez-Castro in his cruiser. A second officer deployed his K-9 around the vehicle. The K-9 alerted to the presence of narcotics, and the officers conducted a search of the vehicle's interior, during which they discovered one plastic baggie that contained a white, powdery substance in plain sight on the console. They also found other baggies and a pill bottle that contained plant matter concealed in a plastic grocery bag tied to the undercarriage of the driver's seat. One

baggie contained filler that is not a controlled substance. Several others contained powder cocaine mixed with filler.

{¶3} Mr. Martinez-Castro was charged with trafficking in drugs in violation of R.C. 2925.03(A)(2) and possession of drugs in violation of R.C. 2925.11(A), each with a specification alleging him to be a major drug offender. He was also charged with operating a motor vehicle without a valid license in violation of R.C. 4510.12(A)(1) and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). The trial court continued the case until the Ohio Supreme Court resolved a certified conflict regarding whether the weight of cocaine must be measured by excluding the weight of filler materials.

{¶4} Following a bench trial, the trial court found Mr. Martinez-Castro guilty of all of the charges alleged in the indictment, but not guilty of the major drug offender specifications. The trial court continued sentencing so that a presentence investigation could be completed, but Mr. Martinez-Castro failed to appear. Nine months later, after Mr. Martinez-Castro was located by his bonding company, he appeared for sentencing. The trial court merged his convictions for trafficking in drugs and possession of drugs and sentenced him to eight years in prison. The trial court also sentenced him to jail terms of six months and thirty days, respectively, for his misdemeanor convictions, both to run concurrently with his prison term, and fined him $10,000. Mr. Martinez-Castro filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

MARTINEZ-CASTRO'S CONSTITUTIONAL RIGHTS WERE VIOLATED BY [THE] TRIAL COURT'S FAILURE TO FIND WEIGHT OF ACTUAL COCAINE[.]

{¶5} In his first assignment of error, Mr. Martinez-Castro urges this Court to disregard the Ohio Supreme Court's decision in *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, and conclude that the trial court erred by finding him guilty of possession of and trafficking in cocaine in an amount equal to or greater than one hundred grams when the State did not introduce evidence of the weight of actual cocaine, exclusive of filler, that was found in his possession.

{¶6} Mr. Martinez-Castro was convicted of violating R.C. 2925.03(A) and R.C. 2925.11(A), both of which provide that a violation is a first-degree felony subject to a corresponding mandatory prison term if the amount of cocaine involved in the offense is equal to or exceeds one hundred grams. R.C. 2925.03(C)(4)(g); R.C. 2925.11(C)(4)(f).[1] In *Gonzales*, the Ohio Supreme Court rejected the position now held by Mr. Martinez-Castro and held that "the entire 'compound, mixture, preparation, or substance,' including any fillers that are part of the usable drug, must be considered for the purpose of determining the appropriate penalty for cocaine possession under R.C. 2925.11(C)(4)." *Gonzales* at ¶ 3. This Court has recognized that the holding in *Gonzales* applies to the penalty enhancement set forth in R.C. 2925.03(C)(4) as well. *See State v. Darr*, 9th Dist. Medina No. 17CA0006-M, 2018-Ohio-2548, ¶ 39.

{¶7} This Court cannot, as Mr. Martinez-Castro suggests, disregard precedent from the Ohio Supreme Court. *Id.,* citing *Simon v. Zipperstein,* 32 Ohio St.3d 74, 77 (1987). Consequently, consistent with *Gonzales*, this Court concludes that the trial court did not err by finding him guilty of possession of and trafficking in cocaine in an amount equal to or greater than one hundred grams. Mr. Martinez-Castro's first assignment of error is overruled.

---

[1] Both R.C. 2925.03 and R.C. 2925.11 have been amended on several occasions since the date of the crimes at issue in this case. The portions relevant to this appeal, however, have not changed.

**ASSIGNMENT OF ERROR NO. 2**

MARTINEZ-CASTRO'S CONVICTION WAS AGAINST THE WEIGHT AND
SUFFICIENCY OF THE EVIDENCE[.]

{¶8}    Mr. Martinez-Castro's second assignment of error contains two arguments: first, that his convictions for possession of cocaine and trafficking in cocaine were based on insufficient evidence because the State failed to prove that he possessed the cocaine; and second, that his convictions are against the manifest weight of the evidence because the surrounding circumstances demonstrate that he did not possess the cocaine.

{¶9}    "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction.  *Thompkins* at 390 (Cook, J., concurring).  In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State.  *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991).  The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt.  *Id*.

{¶10}  R.C. 2925.11(A), which prohibits drug possession, provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."  R.C. 2925.03(A)(2), which prohibits trafficking, provides that "[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person."  The act of possession may be implied in trafficking in

drugs under R.C. 2925.03(A)(2). *See State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, ¶ 24, overruling recognized by *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995 (observing that "common sense and logic tell us that in order to prepare a controlled substance for shipping, ship it, transport it, deliver it, prepare it for distribution, or distribute it, one must necessarily also possess it.").

{¶11} "Possession" is defined as "having control over a thing or substance." R.C. 2925.01(K).[2] Possession "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." *Id*. Nonetheless, possession may be either actual or constructive. *State v. Hilton*, 9th Dist. Summit No. 21624, 2004-Ohio-1418, ¶ 16, citing *State v. McShan*, 77 Ohio App.3d 781, 783 (8th Dist.1991). "'Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.'" *State v. Jackson*, 9th Dist. Summit No. 28691, 2018-Ohio-1285, ¶ 38, quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. Presence in the vicinity of an item, standing alone, does not establish constructive possession, but other factors taken together—such as proximity to the item in plain view or knowledge of its presence—may be circumstantial evidence. *State v. Owens*, 9th Dist. Summit No. 23267, 2007-Ohio-49, ¶ 23.

{¶12} In this case, Officer Jeremy Gray, who initiated the traffic stop of Mr. Martinez-Castro's vehicle, testified that he and another officer searched the vehicle driven by Mr. Martinez-Castro. They found one "clear, plastic baggie of a white, powdery substance * * * right there on the center console." Officer Gray affirmed that this baggie was in a readily

---

[2] R.C. 2925.01 has also been amended several times since the crimes at issue in this case were committed. The substance of R.C. 2925.01(K), however, has not changed.

observable location in the vehicle. He also testified that they found several other baggies underneath the driver's seat inside a plastic grocery bag. Officer Gray noted that the grocery bag was tied to the seat frame using the bag's handles, and he observed that tying the bag in that manner would take no more effort than "tying a lace on a shoe." From this evidence, a finder of fact could reasonably conclude beyond a reasonable doubt that Mr. Martinez-Castro, who sat in the driver's seat next to the center console and immediately above where most of the cocaine was concealed, knowingly exercised dominion and control over it so as to demonstrate constructive possession.

{¶13} Mr. Martinez-Castro also argues that his convictions are against the manifest weight of the evidence. Specifically, he has maintained that although the cocaine was found in the vehicle that he was driving, the circumstances demonstrate that the drugs did not belong to him and that he was unaware of their presence.

{¶14} When an appellant argues that a conviction is against the manifest weight of the evidence, this Court applies a different standard than we apply in reviewing the sufficiency of the evidence. *See generally Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 11-13. In that situation, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

**{¶15}** In support of this argument, Mr. Martinez-Castro points to the facts that he did not own the vehicle in question and that the drugs were in a plastic bag that had been tied to the frame of the driver's seat. The fact that Mr. Martinez-Castro did not own the vehicle, however, is not dispositive. At the time of the traffic stop, he was the driver and sole occupant of the vehicle and as such, he exercised authority over it. A finder of fact could conclude that "a defendant who exercises dominion and control over an automobile also exercises dominion and control over illegal drugs found in the automobile." *State v. Rampey*, 5th Dist. Stark No. 2004 CA 00102, 2006-Ohio-1383, ¶ 37, citing *State v. Smith*, 162 Ohio App.3d 208, 2005-Ohio-3579, ¶ 23-28 (8th Dist.) and *State v. Trembly*, 137 Ohio App.3d 134, 141 (8th Dist.2000). With respect to the location of the drugs found under the driver's seat, Mr. Martinez-Castro misstates Officer Gray's testimony: he did not testify, as Mr. Martinez-Castro maintains, that "one could not tie the bag while sitting in the driver's seat[,]" but that one could not do so while sitting up straight in the driver's seat. The fact that Officer Gray found a clear baggie of cocaine sitting on the center console of the vehicle in plain sight also undermines Mr. Martinez-Castro's argument that he was unaware that there were drugs stowed in the vehicle.

**{¶16}** The evidence in this case does not weigh heavily against the conclusion that Mr. Martinez-Castro possessed the cocaine at issue. Accordingly, this is not the exceptional case in which this Court must conclude that the convictions are against the manifest weight of the evidence.

**{¶17}** Mr. Martinez-Castro's second assignment of error is overruled.

III.

**{¶18}** Mr. Martinez-Castro's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRIAN J. DARLING, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.