[Cite as *State v. Knight*, 2019-Ohio-2990.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29057 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM M. KNIGHT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2017-04-1153 |

DECISION AND JOURNAL ENTRY

Dated: July 24, 2019

HENSAL, Judge.

{¶1}     William Knight appeals his convictions from the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}     This appeal involves the shooting death of a man who tried to sell a stolen dirt bike on Facebook. While the trial-court record in this matter is voluminous, including testimony from over a dozen witnesses, we will limit our recitation of the facts to those that are relevant to the arguments presented.

{¶3}     There was no dispute at trial that Mr. Knight shot and killed the victim in this matter. About a year prior to the shooting, Mr. Knight's son-in-law, Curtis, had a dirt bike stolen from his garage. On the day of the shooting, Curtis saw the dirt bike posted for sale on Facebook by a man named Justin. Justin did not have possession the bike, but posted it for sale at the request of his friend, Keith, who is the victim in this matter. Pretending to be an interested

buyer, Curtis tried to contact Justin through Facebook to no avail. Curtis then asked a friend to contact Justin. When his friend was successful, Curtis – acting like his friend – arranged to meet Justin that evening.

{¶4} Curtis and Justin met at one location, but eventually drove to a second nearby location where Keith and the dirt bike were located. The second location was on the street in front of Keith's uncle's house, which was a dead-end street. When Curtis and Justin arrived, Keith started the dirt bike and drove it up and down the street at least once. Curtis continued to pretend to be an interested buyer until he was able to confirm that it was, in fact, his dirt bike.

{¶5} After inspecting the dirt bike, Curtis produced the title and told Keith that the bike was his. With Keith still sitting on the dirt bike, an argument ensued. Curtis told Keith that he wanted the bike back, and Keith – who apparently did not steal the dirt bike but knew it had been stolen – was unwilling to give it to Curtis without at least some payment. Meanwhile, Mr. Knight and his daughter, Michelle (Curtis's wife), arrived on the scene. Michelle called 911 and was explaining the situation when the argument escalated. At that time, Keith was still on the dirt bike, and Curtis had his hands on the handlebars, preventing Keith from riding away.

{¶6} While the foregoing facts were generally undisputed at trial, what happened next varied between the witnesses. Generally, though, it was undisputed that the dirt bike's engine revved and that Mr. Knight fired a shot into the air, allegedly trying to de-escalate the situation. Keith then maneuvered the dirt bike away from Curtis, rode a short distance toward the non-dead-end side of the street, struck a parked car, fell onto the street but managed to stay on the dirt bike, and then turned – or was turned by virtue of the collision – back toward Curtis, Mr. Knight, and Michelle (i.e., toward the dead-end side of the street). The dirt bike then did a "wheelie[,]" at which point Mr. Knight fired a second shot, striking Keith in the head and killing him. Almost

immediately afterward, Mr. Knight approached Michelle (who was still on the phone with the 911 operator), took her cell phone, identified himself, and explained to the operator that he shot Keith because he had no choice; Keith was trying to run into his daughter, his son-in-law, and him.

{¶7} Police arrived at the scene shortly thereafter and arrested Mr. Knight. A grand jury indicted him on one count of murder in violation of Revised Code Section 2903.02(A), one count of murder in violation of Section 2903.02(B), one count of felonious assault in violation of 2903.11(A)(1), and one count of felonious assault in violation of Section 2903.11(A)(2), all with accompanying firearm specifications. Mr. Knight pleaded not guilty, and the matter proceeded to a jury trial.

{¶8} At trial, Mr. Knight argued that he acted in self-defense and/or in defense of others, that is, in defense of Curtis and Michelle. The jury returned a verdict of guilty on all counts, and the trial court sentenced Mr. Knight to a total of 18 years of incarceration. He now appeals, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GIVING A JURY INSTRUCTION ON SELF DEFENSE OF PROPERTY, THUS MISLEADING AND CONFUSING THE JURY TO THE EXTREME PREJUDICE OF KNIGHT'S DEFENSE.

ASSIGNMENT OF ERROR III

APPELLANT [K]NIGHT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶9} In his first assignment of error, Mr. Knight argues that the trial court erred by instructing the jury on defense of property, which he did not assert as an affirmative defense. In response, the State argues that defense counsel failed to renew his objection to the defense-of-

property instruction after the trial court issued its instructions to the jury, thereby forfeiting all but plain error on appeal. Relatedly, in his third assignment of error, Mr. Knight argues that, if his defense counsel's failure to renew his objection resulted in a waiver or forfeiture of that issue, then his defense counsel rendered ineffective assistance.

{¶10} Criminal Rule 30(A) provides that, "[o]n appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict[.]" Applying Rule 30(A), this Court has held that, when a trial court specifically provides counsel an opportunity to renew any objections to the jury instructions, counsel's failure to do so results in a withdrawal of that objection, forfeiting all but plain error on appeal. *City of Akron v. Foos*, 9th Dist. Summit No. 28086, 2016-Ohio-8441, ¶ 15-21; *Van Scyoc v. Huba*, 9th Dist. Summit No. 22637, 2005-Ohio-6322, ¶ 18-19 ("Appellant effectively withdrew her objection to the submitted jury charge when she declined to renew it when specifically provided an opportunity to do so[,]" which had the "effect of waiving all but plain error on appeal.").

{¶11} Here, defense counsel objected to the inclusion of the defense-of-property instruction prior to the trial court giving its instructions to the jury. The trial court denied defense counsel's objection, and then instructed the jury. After reading its instructions, the trial court addressed the State and defense counsel, specifically asking if there was "anything you would like to discuss related to the jury instructions?" Defense counsel answered: "No objection[.]" Given this Court's precedent, we hold that this resulted in a withdrawal of that objection, and a forfeiture of all but plain error for purposes of appeal. Mr. Knight, however, has not asserted plain error on appeal.

**{¶12}** While Mr. Knight's failure to assert plain error on appeal would normally end our analysis on this issue, Mr. Knight has alternatively asserted that his trial counsel rendered ineffective assistance by failing to renew his objection to the defense-of-property instruction. *See State v. Curtis*, 9th Dist. Medina No. 04CA0067-M, 2005-Ohio-2143, ¶ 15 ("As Appellant has not asserted that the trial court committed plain error, we decline to address it."). Mr. Knight's merit brief cites the *Strickland* standard, but does not apply it to the facts of this case or cite additional law in support of his position. Rather, his assignment of error summarily concludes that, if his trial counsel's failure to renew his objection to the defense-of-property instruction at trial resulted in a waiver or forfeiture of that issue on appeal, then "this Court must consider whether defense counsel thereby rendered ineffective assistance * * *, as this was a crucial error by the trial court, as argued above." This undeveloped argument, which attempts to incorporate arguments from another assignment of error, is not sufficient for purposes of establishing error on appeal.[1] *See* App.R. 16(A)(7) (requiring the appellant's merit brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."); *State ex rel. Midview Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 9th Dist. Lorain No. 16CA010991, 2017-Ohio-6928, ¶ 29 ("a party may not incorporate the arguments contained in the other assignments of error to support a different assignment of error" because it "improperly asks this Court to extrapolate and apply its argument in a prior assignment of error."). In light of the foregoing, Mr. Knight's first and third assignments of error are overruled.

---

[1] Should Mr. Knight wish to challenge the effectiveness of his appellate counsel, he can do so through an application to re-open under Appellate Rule 26(B).

ASSIGNMENT OF ERROR II

APPELLANT KNIGHT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS WAS THE JURY'S REJECTION OF KNIGHT'S ASSERTED AFFIRMATIVE DEFENSES OF SELF DEFENSE OF OTHERS/SELF TO ALL COUNTS OF THE INDICTMENT.

{¶13} In his second assignment of error, Mr. Knight challenges the weight of the evidence presented at trial. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶14} In support of his assignment of error, Mr. Knight asserts that the evidence presented at trial indicated that, after colliding with the parked car, Keith turned the dirt bike around and headed back toward where he, Curtis, and Michelle were standing. Alluding to his defense-of-others affirmative defense, Mr. Knight asserts that – even if Curtis could not have claimed self-defense up until that point (i.e., if he created the initial situation and violated the duty to retreat) – "this attenuated theory of proximate-cause linkage of Curtis's actions was clearly severed when [Keith] got away on the bike and could have chosen to continue toward [the main road] and various escape routes available from there." He asserts that Keith instead chose to ride towards them, which created a situation of potential danger and left him (Mr. Knight) with no choice but to shoot Keith to prevent harm to his family.

{¶15} Mr. Knight's argument ignores some of the testimony presented at trial. Importantly, several witnesses testified that Keith did not seem in control of the dirt bike after he collided with the parked car. Even Curtis testified that he was unsure if Keith had control of the

dirt bike at that point. While Mr. Knight testified that Keith intentionally directed the dirt bike toward Curtis, Michelle, and him, the jury was free to reject that testimony and to instead believe the other witnesses' version of the events. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus ("[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."); *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35 ("[T]he jury is free to believe all, part, or none of the testimony of each witness."). "This Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the trier of fact chose to believe certain witness testimony over the testimony of others." *State v. Hill*, 9th Dist. Summit No. 26519, 2013-Ohio-4022, ¶ 15. Accordingly, based upon the limited argument presented, this Court overrules Mr. Knight's second assignment of error.

## III.

**{¶16}** Mr. Knight's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.