[Cite as *State v. Whitfield*, 2019-Ohio-5374.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 19CA011487 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON WHITFIELD | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 13CR088081 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2019

HENSAL, Judge.

{¶1} Jason Whitfield appeals his convictions from the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} According to the victim, she and Mr. Whitfield had been dating for about nine months prior to the events giving rise to this case. In September 2013, the victim's father dropped her off at Mr. Whitfield's apartment. Shortly thereafter, the victim's mother met the victim in the parking lot of Mr. Whitfield's apartment complex to give the victim her social-security money. The victim then returned to Mr. Whitfield's apartment.

{¶3} According to the victim, at some point on the day that her father dropped her off, Mr. Whitfield pushed a large television in front of the apartment door and proceeded to beat her with the broken leg of a chair, urinate on her, and burn her with cigarettes. Mr. Whitfield also held a knife to her chest and forced his penis into her mouth. According to the victim, she did

not feel free to leave, and could not move the large television while Mr. Whitfield beat her. Two days later, while Mr. Whitfield was asleep, the victim pushed the television away from the door and escaped the apartment. Her mother took her to the police station where she reported the abuse, and then to the hospital, where she was evaluated by a SANE nurse.

{¶4} A grand jury indicted Mr. Whitfield on four counts of kidnapping, two counts of rape, and three counts of felonious assault. All of the kidnapping counts and two of the felonious-assault counts contained sexual-motivation specifications. The case proceeded to a bench trial in December of 2018, more than five years after the incident.

{¶5} At trial, the victim testified as to the events described above, but admitted that she had difficulty remembering certain details. She also indicated that Mr. Whitfield hit her so many times that it was difficult to remember exactly what happened, and that the ordeal traumatized her. She further indicated that she takes antipsychotic medications that affect her memory, but do not affect her ability to tell the truth.

{¶6} The detective who investigated the matter testified that it is not uncommon for victims who have undergone traumatic events to forget the details of an event. The SANE nurse testified similarly, indicating that trauma victims often have memory lapses, provide varying versions of the events, and repress certain memories.

{¶7} The victim's father and mother also testified. The victim's mother testified that the victim seemed fine when she met her in the parking lot to give her the social-security money on the day the victim's father dropped her off at Mr. Whitfield's apartment. She testified that she called the victim numerous times after that, but that the victim did not pick up until two days later. When she answered, the victim's mother reminded her about an upcoming appointment that she was required to attend, and the victim told her mother that she would meet her in the

parking lot. When the victim got into her mother's car, the victim's mother observed bruises, scratches, and burn marks all over her body. She then drove the victim to the police station, and then to the hospital. The victim's father similarly testified that the victim did not answer his calls while at Mr. Whitfield's apartment. He also testified that the victim did not have any injuries on the day he dropped her off.

{¶8} The defense presented no witnesses, and the trial court took the matter under advisement. It later found Mr. Whitfield guilty of three counts of kidnapping and three counts of felonious assault, but not guilty of the accompanying sexual-motivation specifications. It found him not guilty of the remaining counts. He now appeals, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE GUILTY VERDICTS ON COUNTS ONE, TWO, FOUR, EIGHT AND
NINE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} Mr. Whitfield argues that his convictions on all but one count (i.e., felonious assault under count seven of the indictment) were against the manifest weight of the evidence. This Court disagrees.

{¶10} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Notably, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts[,]" who is "free to believe all, part, or none of

the testimony of each witness." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus; *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35. "A conviction is not against the manifest weight because the [trier of fact] chose to credit the State's version of events." *State v. Peasley*, 9th Dist. Summit No. 25062, 2010-Ohio-4333, ¶ 18.

{¶11} Mr. Whitfield is challenging his convictions for kidnapping under Revised Code Sections 2905.01(A)(2), 2905.01(A)(3), and 2905.01(B)(2). Sections 2905.01(A)(2) and 2905.01(A)(3) provide that "[n]o person, by force, threat, or deception * * * shall * * * restrain the liberty of the other person * * * [t]o facilitate the commission of any felony or flight thereafter" or "[t]o terrorize, or to inflict serious physical harm on the victim[.]" Section 2905.01(B)(2) provides that "[n]o person, by force, threat, or deception * * * shall knowingly * * * "[r]estrain another of the other person's liberty" "under circumstances that create a substantial risk of serious physical harm to the victim[.]" He is also challenging his convictions for felonious assault under Section 2903.11(A)(2), which provides that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon[.]"

{¶12} Mr. Whitfield makes several arguments in support of his position that his kidnapping convictions were against the manifest weight of the evidence, including that: (1) the victim willingly went to his apartment; (2) there was no indication that the victim was not free to leave when the victim's mother met her in the parking lot to give the victim her social-security money; (3) the victim could not describe the knife that he allegedly held against her, nor did she mention it to the police; (4) the victim testified that she could not move the television, but later testified that she moved it in order to escape the apartment; (5) the television could not have been in front of the door the entire time because the evidence indicated that he left the apartment at one point and came back; (6) the victim was unemployed, not in school, and taking psychotropic

medications at the time of the incident; and (7) the victim offered conflicting statements as to whether he raped her.

{¶13} Regarding his convictions for felonious assault, Mr. Whitfield again argues that the victim could not describe the knife he allegedly held against her, nor did she mention it to the police. He also argues that the victim provided inconsistent testimony as to how he allegedly used the knife, i.e., whether he held it to her chest or waved it in front of her face. And lastly, he argues that the victim was not credible because she suffers from psychiatric conditions.

{¶14} Having reviewed all of the testimony presented at trial, this Court cannot say that this is the exceptional case where the evidence weighs heavily against Mr. Whitfield's convictions. *See State v. Martinez-Castro*, 9th Dist. Lorain No. 18CA011361, 2019-Ohio-1155, ¶ 14 ("A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction."). While inconsistencies existed in the victim's testimony, the trial court was in the best position to evaluate her credibility. *State v. Roy*, 9th Dist. Lorain No. 13CA010404, 2014-Ohio-5186, ¶ 78. Additionally, Mr. Whitfield's arguments ignore the fact that the detective who investigated the matter and a SANE nurse testified that it is not uncommon for trauma victims to have difficulty remembering certain details, or for variations to exist in their descriptions of what happened. The victim testified that she was traumatized, and that, given the five years that elapsed between the events and the time of trial, she had difficulty remembering certain details.

{¶15} Mr. Whitfield's arguments also misconstrue the victim's testimony. While she did testify that she was unable to move the television from in front of the door, she clarified that she could not do so because Mr. Whitfield was beating her. It was not until he fell asleep that she moved the television and escaped to the parking lot. And while he may have left the

apartment at one point, that does not change the fact that — at least at some point — he put the television in front of the door to prevent the victim from escaping. Further, Mr. Whitfield's assertion that the victim did not mention the knife to the police is not supported by the record. To the contrary, the detective who spoke with the victim in the hospital testified that the victim told him that Mr. Whitfield used a kitchen knife during the assault. This was also reflected in the SANE report.

{¶16} In summary, the State's evidence, if believed, indicates that Mr. Whitfield prevented the victim from leaving his apartment while he beat her, urinated on her, brandished a knife, and burned her with cigarettes. As a result, the victim sustained injuries all over her body, which were depicted in photographs presented at trial. The trial court was free to accept the State's version of the events, and Mr. Whitfield's convictions are not against the manifest weight of the evidence because it did so. *DeHass*, 10 Ohio St.2d 230, at paragraph one of the syllabus; *Peasley*, 2010-Ohio-4333, at ¶ 18. Accordingly, Mr. Whitfield's assignment of error is overruled.

III.

{¶17} Mr. Whitfield's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DENISE G. WILMS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and RICHARD A. GRONSKY, Assistant Prosecuting Attorney, for Appellee.