[Cite as *State v. Knight*, 2022-Ohio-4790.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

WILLIAM M. KNIGHT

    Appellant

C.A. No.    30270

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 17 04 1153

DECISION AND JOURNAL ENTRY

Dated: December 30, 2022

CARR, Judge.

{¶1}    Defendant-Appellant William Knight appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    In 2017, Knight shot and killed a man during an argument about a stolen dirt bike. *State v. Knight*, 9th Dist. Summit No. 29057, 2019-Ohio-2990, ¶ 2-5. Knight was indicted on one count of murder, one count of felony murder, and two counts of felonious assault. *Id.* at ¶ 7. Firearm specifications accompanied the charges. *Id.* While Knight argued self-defense and defense of others at trial, the jury rejected his arguments and found him guilty of all counts. *Id.* at ¶ 8. Knight was thereafter sentenced. *Id.*

{¶3}    Knight appealed his conviction. *Id.* The transcripts of the trial were filed in his direct appeal on October 2, 2018. This Court affirmed the trial court's judgment. *Id.* at ¶ 1.

{¶4} Knight moved to reopen his appeal, and this Court granted the application. *State v. Knight*, 9th Dist. Summit No. 29057, 2020-Ohio-6709, ¶ 1. This Court then confirmed our prior decision. *Id.*

{¶5} On January 15, 2021, Knight filed a pro se petition for postconviction relief pursuant to R.C. 2953.21. Knight argued that: (1) his trial counsel retained a biased investigator; (2) his trial counsel failed to prepare him to testify; (3) his trial counsel failed to provide Knight with a hard copy of the discovery; (4) his trial counsel failed to show the jury the dirt bike the victim was riding; (5) his trial counsel failed to inform the jury that the victim had gang tattoos and had a firearm on his person; (6) his trial counsel should not have had Knight testify before the grand jury; (7) Knight was denied his right to present witnesses when a witness moved and was unavailable to testify at trial; and (8) his trial counsel failed to object to the way in which the trial court characterized the events at issue. Knight also requested the appointment of counsel.

{¶6} The State opposed both filings. With respect to Knight's petition for postconviction relief, the State maintained that Knight's petition was untimely and, therefore, the trial court lacked jurisdiction over the petition and should dismiss it. *See* former R.C. 2953.21(A)(2). Knight, through counsel, filed a reply arguing the trial court had jurisdiction. Knight maintained that, because his appeal was reopened and the record filed therein on February 3, 2020, Knight had 365 days from February 3, 2020, to timely file his petition. Thus, Knight maintained his petition was timely filed. The State responded to Knight's argument indicating that other courts had rejected Knight's claim. Thus, the State asserted that Knight's petition was untimely.

{¶7} In March 2022, the trial court dismissed Knight's petition. In so doing, it concluded that it lacked jurisdiction over it as the petition was untimely filed. It then denied Knight's motion for the appointment of counsel as moot.

{¶8} Knight initially appealed pro se and filed an appellate brief. However, counsel subsequently entered a notice of appearance and filed a reply brief on Knight's behalf. Knight raises a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

APPELLANT'S FAILURE TO TIMELY FILE HIS PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE WAS DIRECTLY CAUSED BY APPELLANT'S INITIAL APPEAL COUNSEL'S TOTAL FAILURE TO COMMUNICATE WITH APPELLANT DURING HIS DIRECT APPEAL WHICH RESULTED IN APPELLANT'S FAIL[URE TO] SUBMIT HIS PETITION IN A TIMELY MANNER AFTER THE RECORD WAS TRANSMITTED ON OCTOBER 2, 2018.

{¶9} Knight argues in his sole assignment of error that his two appellate attorneys either misinformed him or failed to inform him of when a petition for postconviction relief would be due. Knight argues that this Court should reverse the trial court's judgment because he was misinformed or not informed as to how much time he had to file the petition. Knight, through counsel, additionally argues that his petition was timely.

{¶10} First, we note that any evidence that would support Knight's argument about his appellate attorneys misinforming him or not informing him of relevant deadlines is not in the record before us. Moreover, as Knight did not raise that argument below as a basis to support the trial court's jurisdiction, Knight cannot now raise it on appeal. *See Huntington Natl. Bank v. Anderson*, 9th Dist. Lorain No. 17CA011223, 2018-Ohio-3936, ¶ 20. It is Knight's burden on appeal to demonstrate that the trial court erred in its ruling; presenting arguments not before the trial court fails to meet that burden. *See id.*; *State v. Mastice*, 9th Dist. Wayne No. 06CA0050, 2007-Ohio-4107, ¶ 7.

{¶11} As to the timing of Knight's petition, former R.C. 2953.21(A)(2) provides that,

[e]xcept as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

There was no argument that any exception listed in R.C. 2953.23 applied to Knight.

**{¶12}** Knight argues that he complied with former R.C. 2953.21(A)(2) because he filed his petition within 365 days after the record in his reopened appeal was filed. He points out that the journal entry granting reopening indicated that the case "shall proceed as on an initial appeal in accordance with the Ohio Rules of Appellate Procedure." *State v. Knight*, 9th Dist. Summit No. 29057 (Dec. 23, 2019). Thus, he maintains that the trial court's decision dismissing the petition as untimely violated the doctrine of law of the case.

**{¶13}** The question before us is whether the filing of the record in Knight's reopened appeal again triggered the start of the 365-day deadline in former R.C. 2953.21(A)(2). The statute itself states that the petition must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" *Id.* For Knight to succeed then, this Court would have to conclude that his reopened appeal is a direct appeal of the judgment of conviction. However, it is not. The Supreme Court has "explicitly and consistently recognized that the App.R. 26(B) process represents a collateral postconviction remedy." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 25. Accordingly, "the App.R. 26(B) process is not part of a criminal defendant's direct appeal[.]" *Id.* at ¶ 25 and syllabus.

**{¶14}** While the First District, in a series of appeals, concluded "that a reopened appeal is a 'direct appeal' for purposes of R.C. 2953.21's time restrictions," that determination was later

reversed by the Supreme Court. *See State v. Fuller*, 1st Dist. Hamilton No. C-070900, 2008-Ohio-4721, ¶ 4, 10-11; *State v. Fuller*, 171 Ohio App.3d 260, 2007-Ohio-2018 (1st Dist.), ¶ 31; *State v. Fuller*, 121 Ohio St.3d 137, 2009-Ohio-722, ¶ 2. In reversing the First District, the Supreme Court specifically cited to *Morgan* as its basis for doing so. *Fuller*, 121 Ohio St.3d 137, 2009-Ohio-722, at ¶ 2.

{¶15} The Supreme Court's decision in *Fuller* makes it clear that the phrase "direct appeal" in former R.C. 2953.21(A)(2) does not include reopened appeals. Thus, we can only conclude that the trial court did not err in determining Knight's petition to be untimely.

{¶16} To the extent that Knight argues that the language in the journal entry granting his application to reopen stating that the case "shall proceed as on an initial appeal in accordance with the Ohio Rules of Appellate Procedure[,]" required the trial court to treat Knight's reopened appeal as a direct appeal based upon law of the case, we cannot agree. *State v. Knight*, 9th Dist. Summit No. 29057 (Dec. 23, 2019). First, this Court does not have the authority to disregard precedent of the Supreme Court; therefore, it is not reasonable to interpret the entry in a manner that would do so. *See State v. Martinez-Castro*, 9th Dist. Lorain No. 18CA011361, 2019-Ohio-1155, ¶ 7. Moreover, our language in the journal entry referenced by Knight was not any form of mandate to the trial court; instead, it was a recitation of portions of App.R. 26(B)(7) and an indication as to how the matter would proceed in the court of appeals. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) (noting that "the doctrine functions to compel trial courts to follow the mandates of reviewing courts").

{¶17} Knight has not demonstrated on appeal that the trial court erred in dismissing his petition for postconviction relief.

III.

**{¶18}** Knight's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

WILLIAM M. KNIGHT, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.